UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

MARY ANNE JUDILLA and HORATIO MARCHESE,         Case No. 25-cv-4438

                       Plaintiffs,           NOTICE OF REMOVAL

       -against-

DELTA AIR LINES, INC.,

                       Defendant.

———————————————————————

PLEASE TAKE NOTICE, that Defendant Delta Air Lines, Inc., by its undersigned attorneys, Shearer PC, hereby removes this action from New York State Supreme Court, County of Queens to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446.

1.      The grounds for removal are (a) a civil action between citizens of different states with an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs and (b) federal question jurisdiction regarding interpretation and application of federal law, including Federal Aviation Regulations which supersede and preempt conflicting state law claims.

2.      Upon information and belief, plaintiff commenced a civil action on or about May 28, 2025 by filing a summons and complaint in New York State Supreme Court, County of Queens under Index No. 715240/2025.  The state court complaint names Delta Air Lines, Inc. as the sole defendant.  A copy of the state court complaint is annexed as **Exhibit A**.  As of the filing of this notice of removal, plaintiffs' counsel has not filed an affidavit of service in the clerk's office in the state court action, but Delta received a copy of the initial pleading on July 14, 2025

1

via service on Corporation Service Company. A copy of an affirmation of service provided by plaintiffs' counsel to the undersigned is annexed as **Exhibit B**.

3. Upon information and belief, the attached summons and complaint is the initial pleading in this action. Removal is timely under 22 U.S.C. § 1446(b)(1), as removal was effectuated not later than 30 days after Delta received service of process.

4. The above-captioned action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1). This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Additionally, the claims at issue implicate federal laws and federal aviation statutes and regulations controlling price, route, or services of an air carrier, which preempt state law claims.

5. The complaint in the state court action represents that plaintiffs are citizens of the State of New York with a residence at 114-04 107th Avenue, Richmond Hill, New York 11419. Delta is a foreign corporation formed and existing under the laws of the State of Delaware with its principal office for business located in Atlanta, Georgia. Notwithstanding the representations in the state court complaint that plaintiffs are residents of the State of New York, prior to removal, the undersigned confirmed with plaintiff's counsel that plaintiffs are in fact domiciled in New York to support removal on diversity grounds.

6. The complaint does not indicate or include a demand for a specific amount of money damages, but, prior to removal, the undersigned confirmed with plaintiff's counsel that the amount in controversy exceeds $75,000, exclusive of interest and costs based on the injuries alleged and a $650,000.00 settlement demand communicated by counsel.

7.     A copy of this notice of removal and supporting documents has been served on

plaintiffs' counsel via the NYSCEF electronic file system in the state court action, by which

counsel consented to service of process, and a copy of the notice and supporting document has

also been served on the clerk of the state court in which the action is pending.

8.     Defendant represents that this notice is timely, complies with the statutory

removal requirements, is the first application for such relief, and hereby requests that this action

proceed in this Court as a properly removed action.

Dated: Glen Head, New York
        August 7, 2025


                                                *Douglas Shearer*
                                                Douglas Shearer, Esq. (DS-2671)
                                                Shearer PC
                                                670 Glen Cove Avenue
                                                Glen Head, New York 11545
                                                (516) 750-8500
                                                Doug@Shearerpc.com
                                                *Attorneys for Defendant Delta Air Lines, Inc.*


TO:     Keith D. Silverstein, Esq.
        Keith Silverstein & Associates, P.C.
        40 Fulton Street, 14th Floor
        New York, New York 10038
        *Attorneys for Plaintiffs*

        New York State Supreme Court
        Office of the Clerk
        88-11 Sutphin Boulevard
        Jamaica, New York 11435
        (718) 298-1000

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------X

MARY ANNE JUDILLA and HORATIO MARCHESE,

Plaintiffs,

-against-

DELTA AIR LINES, INC.,

Defendant.

-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiffs designates
QUEENS County
as the place of trial.

The basis of venue is:
Plaintiff's Residence:
114-04 107th Avenue
Richmond Hill, NY 11419

**To the above-named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      May 28, 2025

KEITH D. SILVERSTEIN & ASSOCIATES, P.C.

By: _____
        Keith D. Silverstein, Esq.
        *Attorneys for Plaintiffs*
        40 Fulton Street, 14th Floor
        New York, New York 10038

TO:    DELTA AIR LINES, INC.
        1030 Delta Boulevard
        Atlanta, GA 30354-1989

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
MARY ANNE JUDILLA and HORATIO MARCHESE,

                       Plaintiffs,

       -against-

DELTA AIR LINES, INC.,

                       Defendant.
-------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiffs, MARY ANNE JUDILLA and HORATIO MARCHESE, by their attorneys

KEITH D. SILVERSTEIN & ASSOCIATES, P.C., complaining of the Defendant, respectfully

sets forth and alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MARY ANNE JUDILLA

    1.  At all times hereinafter mentioned, Plaintiffs MARY ANNE JUDILLA and

HORATIO MARCHESE, are residents of the County of Queens, State of New York residing

at 114-04 107th Avenue, Richmond Hill, NY 11419.

    2.  At all times hereinafter mentioned, the Defendant DELTA AIR LINES, INC., was and

still is a domestic limited liability company existing under and by virtue of the laws of the State of

New York.

    3.  At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., was and still

is a foreign limited liability company existing under and by virtue of the laws of the State of New

York.

    4.  At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., was and still

is a domestic corporation existing under and by virtue of the laws of the State of New York.

5.  At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., was and still is a foreign corporation licensed to do business within the State of New York.

6.  At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., was and still is a sole proprietorship licensed to do business and/or transacting business within the State of New York.

7.  At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., was and still is a joint venture licensed to do business and/or transacting business within the State of New York.

8.  At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., was and still is a partnership licensed to do business and/or transacting business within the State of New York.

9.  At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and still does maintain a principal place of business located at 1030 Delta Boulevard, Atlanta, GA 30354.

10. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and still does own, use or possess real property situated within the State of New York.

11. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and still does derive substantial revenue from doing business within the State of New York.

12. At all times hereinafter mentioned and on and before June 28, 2024, Defendant DELTA AIR LINES, INC., was and still is the owner of certain real property at John F. Kennedy Airport, more specifically the Delta Air lines Terminal, including the jetway/jet bridge situated thereat, in the Borough of Queens, State of New York (hereinafter, the "location").

13. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and still does operate the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

14. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and

still does maintain the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

15. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and still does manage the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

16. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and still does supervise the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

17. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and still does control the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

18. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., did and still does lease the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

19. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., was and still is the lessor of the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

20. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., was and still is the lessee of the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

21. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., its servants, agents and/or employees operated the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

22. At all times hereinafter mentioned, DELTA AIR LINES, INC., its servants, agents, and/or employees maintained the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

23. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., its servants, agents, and/or employees managed the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

24. At all times hereinafter mentioned, Defendant DELTA AIR LINES, INC., its servants, agents and/or employees controlled the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

25. At all times hereinafter mentioned, and on June 28, 2024 and prior thereto, Defendant DELTA AIR LINES, INC., provided maintenance, repairs and other specified services for the Delta Air lines Terminal, including the jetway/jet bridge located at the aforementioned location.

26. That on June 28, 2024, while the Plaintiff, MARY ANNE JUDILLA, was lawfully and properly, and in the exercise of due care, present within JFK Airport, disembarking her flight when she was suddenly and without any notice or warning caused to trip and fall in the Delta Air lines Terminal, more specifically, the jetway/jet bridge, by reason of the dangerous, hazardous and perilous conditions existing at said time and place, and as a consequence thereof, she sustained severe and serious personal injuries.

27. That the aforesaid accident and the injuries to the Plaintiff resulting therefrom, were caused and occasioned by reason of the negligence, carelessness and recklessness of the Defendant, their agents, servants and/or employees, without any negligence, carelessness or recklessness on the part of the Plaintiff contributing thereto.

28. The negligence, carelessness, and reckless of the Defendant, consisted of,

among other things, following:

a.   The Defendant, by their agents, servants and/or employees were

negligent, careless, and reckless in owning, possessing, maintaining, repairing, supervising,

operating, controlling and managing of the subject Premises, more particularly the Delta Air lines

Terminal, and the jetway/jet bridge, situated therein (hereinafter "Accident Location") of the

subject Premises; in that the Defendant owned, possessed and maintained, repaired, supervised,

operated, controlled and managed the Premises, including the accident location, in an improper,

inadequate, insufficient and careless manner;

b.   In that the Defendant, their agents, servants and/or employees caused, permitted

and allowed the Premises, including the accident location, to become and remain in an unsafe,

hazardous, perilous and dangerous condition; in that they caused, permitted and allowed said areas

of the Premises, including the accident location, to be maintained in a negligent, careless and

reckless manner; in that they knew or should have known of the unsafe, hazardous, perilous and

dangerous condition(s) that then and there existed and they failed to rectify said condition(s);

c.   In that the Defendant, their agents, servants and/or employees caused, permitted

and/or allowed the Premises, including but not limited to the accident location, to become and

remain in a dangerous, defective, hazardous, unsafe and trap-like condition where it was

foreseeable and obvious that patrons would make use of same.

d.   In that the Defendant, their agents, servants and/or employees caused, permitted

and allowed the aforesaid conditions to exist and remain for an excessive and unreasonable period

of time; in that the Defendant failed, neglected and omitted to repair, remedy and correct the

aforesaid conditions;

e.   In that the Defendant, its agents, servants and/or employees knew or

should have known that the place and location where the Plaintiff sustained her injuries, and the

existence of the conditions herein before described, could or would be likely to render the activity

taking place in the subject area dangerous, perilous, and hazardous, with the likelihood of injury

and harm to the general public, including the Plaintiff using same;

      f.   In that by reason of all the foregoing, the Defendant, its agents, servants

and/or employers caused, created, permitted and allowed the aforesaid accident location to be,

become and remain in such condition as to be dangerous, hazardous and perilous for persons to

utilize, and which constituted a menace and nuisance;

      g.   In that with considerable notice and knowledge of all the foregoing

conditions, the Defendant, its agents, servants and/or employees failed and refused to take any and

all necessary steps to remedy, correct or eliminate such conditions or see to it that they were

remedied corrected or eliminated;

      h.   In that Defendant, its agents, servants and/or employees failed to make,

provide and maintain proper, adequate and sufficient supervision and inspection over at

the Premises; including the accident location;

      i.   In that Defendant, its agents, servants and/or employees breached

their duty to keep and maintain the Premises, including but not limited to the accident location, in

a reasonably safe and suitable condition for the general public lawfully using same, including the

accident location, including the Plaintiff;

      j.   In that Defendant, its agents, servants and/or employees failed to warn of the

dangerous, hazardous and perilous condition then and there existing at the premises, including but

not limited to the accident location;

      k.   In that Defendant, its agents, servants and/or employees violated

and/or permitted the violation of the statutes, laws, rules and regulations in such cases made and provided;

l.   That by reason of the foregoing, the Plaintiff was seriously injured.

m.   That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

29. That by reason of the foregoing, the Plaintiff, MARY ANNE JUDILLA, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.

30. By reason of the foregoing, the Plaintiff, MARY ANNE JUDILLA, has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF HORATIO MARCHESE

31. Plaintiffs MARY ANNE JUDILLA and HORATIO MARCHESE repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

32. That at all times hereinafter mentioned, Plaintiff HORATIO MARCHESE is the lawful spouse of Plaintiff, MARY ANNE JUDILLA.

33. As a result of her injuries, Plaintiff MARY ANNE JUDILLA was and will continue to be disabled from performing the services which she had formerly performed for and on behalf

of Plaintiff HORATIO MARCHESE, her husband, and he has and will continue to be deprived of

his wife's society, companionship and services and incurred medical expenses as a result of the

aforementioned accident.

WHEREFORE, Plaintiffs demand judgment against the Defendant on all causes

of action, in an amount which exceeds the jurisdictional limits of all lower Courts.

Dated: New York, New York
      May 28, 2025

> Yours, etc.
> KEITH D. SILVERSTEIN & ASSOCIATES, P.C.
>
> By:_____
>     Keith D. Silverstein, Esq.
>     *Attorneys for Plaintiffs*
>     40 Fulton Street, 14th Floor
>     New York, New York 10038

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK          )

COUNTY OF NEW YORK ) ss.:

    I, the undersigned, am an attorney duly admitted to practice in the Courts of the State of New York, affirm the following under the penalties of perjury:

    I am the attorney of record for the Plaintiffs in the within action.

    I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

    The reason I make this verification instead of Plaintiffs is because Plaintiffs live outside the county where I maintain my office.

Dated: New York, New York
      May 28, 2025

_____
KEITH D. SILVERSTEIN

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF QUEENS

**Plaintiff / Petitioner:**

Mary Anne Judilla, et al.

**Defendant / Respondent:**

Delta Air Lines, Inc.

**AFFIRMATION OF SERVICE**

**Index No:**
715240/25
**Date Filed:**

I, Craig Robinson affirm and say that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Mon, Jul 14 2025 AT 03:45 PM AT 2 Sun Court 400, Peachtree Corners, Georgia 30092 affirmant served the within Summons; Verified Complaint; Notice of Electronic Filing on Delta Air Lines, Inc.

☐ **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☒ **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to Jane "Doe" personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be Authorized to Accept on Behalf of Corporation Service Company, Agent for Service thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at _____

☐ **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | |
|---|---|---|---|
| Age: Late 30's | Skin Color: African American | Gender: Female | Weight: 150 +/- lbs. |
| Height: 5'7" | Hair: Black | Eyes: Black | Relationship: |
| Other | | | |

Craig Robinson

Keith D. Silverstein & Associates P.C.
40 Fulton Street 14th Fl
New York, NY 10038

Pursuant to NY CPLR § 2106. I affirm this 20 day of JULY, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Revised 02.13.2025; Effective 02.17.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mary Anne Judilla and Horatio Marchese

**DEFENDANTS**
Delta Air Lines, INc.

**(b)** County of Residence of First Listed Plaintiff    Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Fulton, Georgia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Keith D. Silverstein & Associates, P.C.
40 Fulton Street, 14th Floor
New York NY 10038

Attorneys *(If Known)*
Shearer PC
670 Glen Cove Avenue
Glen Head, NY 11545

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☒ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | |    28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability   ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
|    & Enforcement of Judgment |     Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted |     Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
|    Student Loans | ☐ 340 Marine     Injury Product | |     New Drug Application |    Corrupt Organizations |
|    (Excludes Veterans) | ☐ 345 Marine Product     Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment |     Liability   **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets |    (15 USC 1681 or 1692) |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |     Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending |     Act | |    Protection Act |
| ☐ 190 Other Contract |     Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage |     Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise |     Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) |    Exchange |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| |     Medical Malpractice |     Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |     Income Security Act | **FEDERAL TAX SUITS** |    Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability |     Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party |    Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | |     26 USC 7609 |    Agency Decision |
| |     Employment   **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |    State Statutes |
| |     Other   ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education   ☐ 555 Prison Condition |     Actions | | |
| |     ☐ 560 Civil Detainee - | | | |
| |      Conditions of | | | |
| |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331 and 28 USC 1332

Brief description of cause:
Plaintiff alleges she fell in passenger boarding bridge (PBB) as she deplaned Delta flight due to claimed defect on floor of PBB

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE August 7, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Douglas Shearer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, __Douglas Shearer__, counsel for __Defendant Delta__, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☐ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

# Vanguard Group owns 11% of Delta pursuant to public filings

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐ Yes ☑ No

2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐ Yes ☑ No

3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☐ Yes ☑ No
   b. Do the majority of defendants reside in Nassau or Suffolk County? ☐ Yes ☑ No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☐ Yes ☑ No
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☑ No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes    ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain)    ☑ No

I certify the accuracy of all information provided above.

**Signature:** _____



The NYSCEF website has received an electronic filing on 08/08/2025 01:56 PM. Please keep this notice as a confirmation of this filing.

**715240/2025**

**MARY ANNE JUDILLA et al v. DELTA AIR LINES, INC.**

**Assigned Judge: None Recorded**

## Documents Received on   08/08/2025 01:56 PM

| Doc # | Document Type |
|-------|---------------|
| 2 | NOTICE OF REMOVAL / REMAND (PRE RJI) |

## Filing User

DOUGLAS ANDREW SHEARER | doug@shearerpc.com | (516) 750-8500

670 Glen Cove Ave, Glen Head, NY 11545-1601

## E-mail Service Notifications

An email regarding this filing has been sent to the following on 08/08/2025 01:56 PM:

**DOUGLAS ANDREW SHEARER - doug@shearerpc.com**

**KEITH D. SILVERSTEIN - ksilverstein@kdslawfirm.com**

<u>AFFIRMATION OF SERVICE</u>

DOUGLAS SHEARER, an attorney duly admitted to practice law before all courts in the State of New York, affirms this 8th day of August, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand that this document will be filed in an action or proceeding in a court of law:

1.      I am a shareholder in Shearer PC, the attorneys for Delta Air Lines, Inc. in the subject action.

2.      On August 8, 2025, I served true and complete copies of Defendant Delta Air Lines, Inc.'s notice of removal and supporting papers for documenting removal of the subject state court action to United States District Court for the Eastern District of New York on plaintiff's attorneys of record and the clerk of the New York State Supreme Court, Queens County in the following manner:

Through the New York State Supreme Court electronic filing system (NYSCEF) pursuant to 22 NYCRR 202.5-bb(c)(1) and/or 202.5-b(h)(3) by electronically filing the aforementioned documents with such system which caused the documents to be served upon the following (NYSCEF confirmation attached):

Keith D. Silverstein, Esq.                    New York State Supreme Court
Keith D. Silverstein & Associates, P.C     88-11 Sutphin Boulevard
40 Fulton Street, 14th Floor                Jamaica, New York 11435
New York, New York 10038                  Attention: Clerk of the Court
ksilverstein@kdslawfirm.com
*Attorneys for Plaintiffs*


Dated: August 8, 2025

                                        */s/ Douglas Shearer*_____
                                        DOUGLAS SHEARER, ESQ.




# NYSCEF Confirmation Notice

## Queens County Supreme Court

The NYSCEF website has received an electronic filing on 08/08/2025 01:56 PM. Please keep this notice as a confirmation of this filing.

**715240/2025**

**MARY ANNE JUDILLA et al v. DELTA AIR LINES, INC.**

**Assigned Judge: None Recorded**

## Documents Received on   08/08/2025 01:56 PM

**Doc #**   **Document Type**

2          NOTICE OF REMOVAL / REMAND (PRE RJI)

## Filing User

DOUGLAS ANDREW SHEARER | doug@shearerpc.com | (516) 750-8500

670 Glen Cove Ave, Glen Head, NY 11545-1601

## E-mail Service Notifications

An email regarding this filing has been sent to the following on 08/08/2025 01:56 PM:

**DOUGLAS ANDREW SHEARER - doug@shearerpc.com**

**KEITH D. SILVERSTEIN - ksilverstein@kdslawfirm.com**

<u>AFFIRMATION OF SERVICE</u>

DOUGLAS SHEARER, an attorney duly admitted to practice law before all courts in the State of New York, affirms this 8th day of August, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand that this document will be filed in an action or proceeding in a court of law:

1.      I am a shareholder in Shearer PC, the attorneys for Delta Air Lines, Inc. in the subject action.

2.      On August 8, 2025, I served true and complete copies of Defendant Delta Air Lines, Inc.'s notice of removal and supporting papers for documenting removal of the subject state court action to United States District Court for the Eastern District of New York on plaintiff's attorneys of record and the clerk of the New York State Supreme Court, Queens County in the following manner:

Through the New York State Supreme Court electronic filing system (NYSCEF) pursuant to 22 NYCRR 202.5-bb(c)(1) and/or 202.5-b(h)(3) by electronically filing the aforementioned documents with such system which caused the documents to be served upon the following (NYSCEF confirmation attached):

Keith D. Silverstein, Esq.          New York State Supreme Court
Keith D. Silverstein & Associates, P.C  88-11 Sutphin Boulevard
40 Fulton Street, 14th Floor        Jamaica, New York 11435
New York, New York 10038         Attention: Clerk of the Court
ksilverstein@kdslawfirm.com
*Attorneys for Plaintiffs*

Dated: August 8, 2025

                                     */s/ Douglas Shearer*         
                                       DOUGLAS SHEARER, ESQ.